UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHNNY CURTIS BEDGOOD ,

    Petitioner,

v.                                        Case No.: 5:20-cv-75-Oc-32PRL

WARDEN, FCC COLEMAN,

    Respondent.

## ORDER

### I.   *Status*

Johnny Curtis Bedgood (Petitioner), a federal prisoner in custody at FCC Coleman – Medium, initiated this case by filing a petition under 28 U.S.C. § 2241 for writ of habeas corpus. (Doc. 1, Petition). Accompanying the petition is a supporting memorandum. (Doc. 2, Memorandum).

Following a jury trial in 2013, Petitioner was convicted of three charges in the United States District Court for the Northern District of Florida. <u>United States v. Bedgood</u>, No. 4:12-cr-71-RH-CAS (N.D. Fla.), Dkt. Entry 39 (Jury Verdict), Dkt. Entry 46 (Judgment). The convictions were for possession of 28 grams or more of crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count One); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two); and

possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three). The district court determined that Petitioner was an armed career criminal under 18 U.S.C. § 924(e) and sentenced him to concurrent terms of 300 months in prison as to Counts One and Three, followed by a consecutive term of 60 months in prison as to Count Two, for a total sentence of 360 months' imprisonment. See id., Dkt. Entry 46. The Eleventh Circuit Court of Appeals affirmed his convictions and sentence on direct appeal. United States v. Bedgood, 569 F. App'x 836 (11th Cir. 2014).

In 2015, Petitioner moved to vacate his sentence under 28 U.S.C. § 2255, but the district court denied the motion. United States v. Bedgood, No. 4:12-cr-71-RH-CAS (N.D. Fla.), Dkt. Entries 71, 84, 91. Petitioner sought to appeal that ruling, but the Eleventh Circuit Court of Appeals denied a certificate of appealability. Id., Dkt. Entry 100. The United States Supreme Court denied Petitioner's request for certiorari review as well. Id., Dkt. Entry 102; Bedgood v. United States, 140 S. Ct. 191 (2019). According to the Federal Bureau of Prisons, Petitioner is scheduled to be released from prison on May 29, 2039.

Petitioner raises three claims in the habeas petition. First, he claims to be actually innocent of the felon-in-possession conviction based on the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019). (Doc. 1 at 6-7). Second, he claims that he was unlawfully sentenced as an armed career criminal because one of his prior drug convictions, a conviction under Florida

2

Statutes Chapter 893, is not a serious drug offense. (Doc. 1 at 7).[1] Third, he claims that in light of the First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, his enhanced sentence under 21 U.S.C. §§ 841 and 851 is unlawful. (Doc. 1 at 7). Petitioner states that he is "serving an unconstitutional sentence and is being illegally detained," (id. at 1), and as relief he requests that the Court "vacate his unconstitutional sentence…." (id. at 8).

## II.  *Discussion*

A motion to vacate under 28 U.S.C. § 2255 is the "exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy the 'saving clause,'" i.e., § 2255(e). McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc). The saving clause permits a federal prisoner to proceed with a habeas petition under § 2241 only when "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The Eleventh Circuit has made clear that § 2255 is inadequate or ineffective to test the legality of a federal prisoner's detention,

---

[1] When Petitioner filed the petition, he cited the Supreme Court's then-pending decision in Shular v. United States, No. 18-6662. (Doc. 1 at 7). The Supreme Court later decided Shular on February 26, 2020. The Supreme Court unanimously held that 18 U.S.C. § 924(e)(2)(A)(ii)'s definition of a serious drug offense requires neither a comparison to the elements of a generic drug trafficking crime nor an element of mens rea. 140 S. Ct. 779, 782 (2020). Instead, the Court held that "[t]he 'serious drug offense' definition requires only that the state offense involve the conduct specified in the federal statute; it does not require that the state offense match certain generic offenses." Id.

3

such that he may proceed under § 2241, only in very narrow circumstances:

> (1) when raising claims challenging the execution of the sentence, such as the deprivation of good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved; or (3) when practical considerations, such as multiple sentencing courts, might prevent a petitioner from filing a motion to vacate.

Bernard v. FCC Coleman Warden, 686 F. App'x 730, 730-31 (11th Cir. 2017) (citing McCarthan, 851 F.3d at 1092-93), cert. denied sub nom. Bernard v. Jarvis, 138 S. Ct. 1164 (2018). McCarthan also makes clear that "'ordinary sentencing challenges' may not be brought under § 2241." Donaldson v. Warden, FCI Coleman Medium, 691 F. App'x 602, 603 (11th Cir. 2017) (quoting McCarthan, 851 F.3d at 1092). "[A]ny 'cognizable claim' that could have been brought under § 2255, even if circuit precedent or a procedural bar would have foreclosed the claim, cannot be brought under § 2241 in this circuit after McCarthan." Id. (citing McCarthan, 851 F.3d at 1086-90).

Petitioner's claims, on their face, are not cognizable under § 2241. Petitioner is a federal inmate, and as such, § 2255 is the exclusive mechanism for him to obtain collateral relief unless he satisfies § 2255(e)'s saving clause. McCarthan, 851 F.3d at 1081. He does not.

Petitioner's claims do not challenge the execution of his sentence, such as a deprivation of good-time credits or a parole determination. Instead, by his own words, he contends that he is "serving an unconstitutional sentence and is being

4

illegally detained," and demands that the Court "vacate his unconstitutional sentence." (Doc. 1 at 1, 8). Petitioner alleges that he is actually innocent of the § 922(g) conviction, that his armed career criminal sentence is unlawful, and that his sentence was unlawfully enhanced under 21 U.S.C. §§ 841 and 851. (Doc. 1 at 6-7; Civ. Doc. 2). Each of these claims goes to the legality of his sentence rather than its execution. Nor has Petitioner shown that the sentencing court is unavailable, or that practical considerations (such as multiple sentencing courts) prevent him from filing a § 2255 motion. Petitioner was convicted and sentenced in the United States District Court for the Northern District of Florida. Obviously, that sentencing court is not unavailable. Indeed, Petitioner filed a § 2255 motion there in 2015, which was denied.

The Court recognizes Petitioner's dilemma regarding his claim based on Rehaif v. United States, 139 S. Ct. 2191. In Rehaif, the Supreme Court held that to convict a defendant for unlawful possession of a firearm based on a prohibited status under 18 U.S.C. § 922(g), the government must prove that the defendant "knew he had the relevant status when he possessed it." Id. at 2194. In doing so, the Supreme Court overturned the law of every circuit, including the Eleventh Circuit Court of Appeals, which had previously held that the government need not prove that the defendant knew he belonged to a category of persons prohibited from possessing a firearm. E.g., United States v. Jackson,

120 F.3d 1226, 1229 (11th Cir. 1997) (holding that the government was not required to prove that the defendant knew he was a convicted felon for purposes of § 922(g)(1)). However, the Rehaif decision was not available during the pendency of Petitioner's direct appeal or § 2255 proceedings. At the same time, Petitioner cannot seek authorization to file a second or successive § 2255 motion based on Rehaif because Rehaif involved a new rule of statutory interpretation, not a new rule of constitutional law. 28 U.S.C. § 2255(h)(2); In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019). Thus, Petitioner did not have, and will not have, the opportunity to argue Rehaif as a basis for relief in a § 2255 motion.

But according to Eleventh Circuit precedent, that does not mean § 2255 is inadequate or ineffective to test the legality of Petitioner's detention. As the Eleventh Circuit has clarified, "any 'cognizable claim' that could have been brought under § 2255, even if circuit precedent or a procedural bar would have foreclosed the claim, cannot be brought under § 2241 in this circuit after McCarthan." Donaldson, 691 F. App'x at 603 (citing McCarthan, 851 F.3d at 1086-90). While the claim would have been foreclosed by then-binding precedent, Petitioner could have raised a cognizable argument in his § 2255 motion that he was innocent of the § 922(g) conviction because he did not know he was a convicted felon. The remedy by § 2255 motion is

> not inadequate when circuit precedent forecloses relief on a claim. The remedy of a motion to vacate permitted [Petitioner] to bring his claim and seek en banc or Supreme Court review to change the

> substantive rule of law. That a court might reject a prisoner's argument does not render his "remedy by motion" an inadequate "means by which" to challenge the legality of his sentence. A procedural rule that might prevent success on a particular motion does not render the remedy an inadequate "means" so long as it is capable of "enforc[ing]" or "redress[ing]" the right. The motion to vacate is an adequate remedy for [Petitioner] because if he succeeds, the court must "vacate and set the judgment aside" and either release or retry him.

McCarthan, 851 F.3d at 1086. As a result, Petitioner cannot obtain relief under § 2241 based on the new rule of statutory law announced in Rehaif. In re Wright, 942 F.3d 1063, 1065-66 (11th Cir. 2019) (Rosenbaum, J., concurring) ("And in this Circuit, Wright's [Rehaif] claim is not cognizable under 28 U.S.C. § 2255(e), either, because in McCarthan[,] by which we are bound, we held that a prisoner may file a second or successive claim for habeas relief, challenging his conviction through that subsection only when the sentencing court is unavailable.") (footnote omitted).[2]

Petitioner also claims that his enhanced sentence under 21 U.S.C. §§ 841 and 851 is unlawful in light of the First Step Act of 2018. However, a § 2241 petition that attempts to challenge the lawfulness of a prisoner's sentence based on the First Step Act "does not fit within the saving clause of § 2255(e)." Orr v.

---

[2] That said, Petitioner would have had difficulty showing that he was unaware of his status as a convicted felon in light of his extensive felony record, which included convictions for robbery with a deadly weapon and several controlled substance offenses. See United States v. Bedgood, No. 4:12-cr-71-RH-CAS (N.D. Fla.), Dkt. Entry 44 (PSR) at ¶¶ 39, 49, 50, 51, 52, 54.

United States, --- F. App'x ---, 2020 WL 360622, at *1 (11th Cir. Jan. 22, 2020).

Accordingly, in light of the foregoing discussion, it is hereby **ORDERED**:

1. Petitioner Johnny Curtis Bedgood's Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus (Doc. 1) is **DISMISSED**.

2. The dismissal is without prejudice to Petitioner filing an appropriate motion for relief under the First Step Act in the Northern District of Florida.[3]

3. The Clerk should enter judgment dismissing the petition without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 20th day of April, 2020.

*[signature: Timothy J. Corrigan]*

TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:

Pro se petitioner
Counsel of Record

---

[3] The Court expresses no view whether such a motion would be meritorious.

8